# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2012

Lyle W. Cayce
Clerk

No. 12-50084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH O. COBB,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-96-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Keith O. Cobb, federal prisoner # 60806-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the Fair Sentencing Act and recent amendments to the Sentencing Guidelines relating to offenses involving crack cocaine. He was convicted of, inter alia, cocaine trafficking, but the calculation of his guidelines sentencing range included quantities of crack cocaine. By moving to proceed IFP, Cobb is challenging the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Cobb argues that the district court procedurally erred when it failed to make the initial determination whether he was eligible for relief under § 3582(c)(2) as required by *United States v. Dillon*, 130 S. Ct. 2683, 2691 (2010). The district court's determination that Cobb was eligible for such relief was implied by its consideration of the issue whether relief was warranted in this case. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Cobb also argues that the district court did not comply with *Dillon*'s requirement that it consider the 18 U.S.C. § 3553(a) sentencing factors in making the discretionary decision whether relief was warranted here. *See Dillon*, 130 S Ct. at 2692. This argument, however, is contradicted by the record.

According to Cobb, the district court's denial of relief indicates that it was blind to the guidelines amendments' purpose of reducing the disparity between sentences for crack and powder cocaine offenses. The district court did not abuse its discretion when it refused to grant Cobb a reduction in his sentence. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). The district court referenced the § 3553(a) factors, and its order reflects that it gave due consideration to Cobb's motion as a whole. Finally, Cobb's challenge to the validity of his sentence is unavailing insofar as a § 3582(c)(2) proceeding is not the appropriate vehicle to raise issues related to the original sentencing. *Whitebird*, 55 F.3d at 1011; *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Cobb has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.