# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2012

Lyle W. Cayce
Clerk

No. 11-11201
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TERRY LYNN HARGERS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-61-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terry Lynn Hargers, federal prisoner # 36012-177, proceeding *pro se* and *in forma pauperis*, challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his sentence in 2008 of 151-months' imprisonment for possession, with intent to distribute, crack cocaine. The motion was pursuant to the amendments in 2011 to the cocaine-base offense levels in the advisory Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11201

Hargers contends: *Dillon v. United States*, 130 S. Ct. 2683 (2010), required the court to reduce his sentence; and it abused its discretion in considering his prior convictions, his post-conviction conduct, and that, absent his plea agreement, he may have received a higher sentence pursuant to 21 U.S.C. § 851 (providing for increased sentence due to prior convictions).

The decision to reduce *vel non* a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). In determining whether to reduce a sentence, the court first determines whether defendant is eligible for a reduction and the extent of that authorized reduction. *Dillon*, 130 S. Ct. at 2691. Next, the court must consider any applicable 18 U.S.C. § 3553(a) sentencing factors and determine whether any reduction is warranted. *Id.* at 2692.

The court implicitly determined Hargers was eligible for a reduction, *see United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011), but concluded that it was not warranted in the light of the § 3553(a) factors and the circumstances of his case. Having concluded that Hargers was eligible for a reduction, the court was under no obligation to reduce his sentence. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); U.S.S.G. § 1B1.10, cmt. n.1 (B)(i)-(ii). Moreover, the court properly considered the § 3553(a) factors and was permitted to consider Hargers' post-sentencing conduct. *Evans*, 587 F.3d at 672-73; U.S.S.G. § 1B1.10, cmt. n.1 (B)(i)-(iii). Thus, Hargers has failed to show an abuse of discretion in denying § 3582(c)(2) relief.

AFFIRMED.