# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2012

Lyle W. Cayce
Clerk

No. 11-51253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEANTE DEMONE BLACKMON, also known as Dopey, also known as B-Murder, also known as Deon,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-53-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Deante Demone Blackmon, federal prisoner # 35542-180, filed a 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the Fair Sentencing Act and recent amendments to the Sentencing Guidelines relating to offenses involving crack cocaine. The district court denied Blackmon's § 3582(c)(2) motion and his motion for reconsideration of that denial. Blackmon filed a timely notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Blackmon argues that the district court procedurally erred when it failed to make the initial determination whether he was eligible for relief under § 3582(c)(2) as required by *United States v. Dillon*, 130 S. Ct. 2683, 2691 (2010). The district court's determination that Blackmon was eligible for such relief was implied by its consideration of the issue whether relief was warranted in this case. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Blackmon also argues that the district court did not comply with *Dillon*'s requirement that it consider the 18 U.S.C. § 3553(a) sentencing factors contemporaneously in making the discretionary decision whether relief was warranted. *See Dillon*, 130 S Ct. at 2692. This argument, however, is contradicted by the record.

Asserting further procedural error, Blackmon argues that the district court failed to consider his post-sentencing conduct. In deciding whether relief is warranted under § 3582, a district court is allowed to consider such conduct, but it is not required to do so. *United States v. Evans*, 587 F.3d 667, 673 & n.10 (5th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). Blackmon's post-sentencing argument was presented in the district court, and we assume that the district court considered the argument. *See Evans*, 587 F.3d at 672-73. Blackmon's contention that the law-of-the-case doctrine prevented the district court from considering his past criminal activity and the fact that his criminal history score underrepresented that criminal history is unavailing as the Sentencing Guidelines instruct the district court to consider such information. *See* § 1B1.10, comment. (n.1(B)(i-ii)).

Finally, Blackmon maintains that the district court's denial of relief indicates that it was blind to the guidelines amendments' purpose of reducing the disparity between sentences for crack and powder cocaine offenses. The order denying relief referenced the § 3553(a) factors and reflects that the district court gave due consideration to Blackmon's motion as a whole. Thus, there was

No. 11-51253

no abuse of discretion. *See Evans*, 587 F.3d at 674; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.