# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2013

No. 12-50160
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY LAMONE MISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-96-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Anthony Lamone Misher, federal prisoner # 60747-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the Fair Sentencing Act and recent amendments to the Sentencing Guidelines. A jury convicted Misher of conspiracy to possess with intent to distribute cocaine; he is serving 360 months of imprisonment. To support his IFP motion, Misher argues that the district court did not determine whether he was eligible for a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2) reduction under the amended Guidelines, and therefore the district court erred by failing to perform the first step of the inquiry set forth in *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). He also argues that the district court inappropriately based its denial of his § 3582(c)(2) motion on matters that were not considered at trial or sentencing and were not relevant to his underlying offense.

By moving to proceed IFP, Misher is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, this court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (internal quotation marks and citation omitted).

The district court's determination that Misher was eligible for § 3582(c)(2) relief, as set forth in *Dillon*, 130 S. Ct. at 2691-92, was implied by its consideration of whether relief was warranted. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Such implicit consideration of eligibility for relief is sufficient. *Id.* Also, the district court gave due consideration to Misher's motion and considered the 18 U.S.C. § 3553(a) factors in its determination that a sentence reduction was not warranted. The district court's decision therefore was not an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 671-73 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); U.S.S.G. § 1B1.10, cmt. (n.1(B)(i)-(ii)) (2011).

Misher has failed to demonstrate that his appeal involves non-frivolous legal issues. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.