# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2013

No. 12-30735
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN PHILLIPS, also known as Head Phillips,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-142-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Phillips, federal prisoner # 31092-034, pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of crack cocaine and more than 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 846, and was sentenced at the low end of the applicable guidelines range to 188 months of imprisonment. He appeals the district court's denial of a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based upon the amendment to the Guidelines implementing the Fair Sentencing Act of 2010.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Phillips maintains that he was entitled to a sentencing reduction, and he urges that the district court erred in giving excessive weight to "negative factors," such as his criminal history, instead of focusing on his positive post-sentencing rehabilitative efforts. He asserts that the district court improperly balanced the 18 U.S.C. § 3553(a) factors and that, had it properly balanced them, it would have reduced his sentence to the low end of the modified range, 155 months.

We review the decision to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). In determining whether to reduce a sentence, the court first determines whether a sentence modification is authorized and to what extent. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). Next, the court must consider any applicable 18 U.S.C. § 3553(a) sentencing factors and determine whether any reduction is warranted. *Id.* at 2692.

The district court implicitly determined that Phillips was eligible for a reduction, *see United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011), but concluded that a reduction was not warranted in the light of the § 3553(a) factors and the circumstances of his case. Having concluded that Phillips was eligible for a reduction, the court was under no obligation to reduce his sentence. *See Evans*, 587 F.3d at 673; U.S.S.G. § 1B1.10, comment. (n.1(B)(i-iii)). The court properly considered the § 3553(a) factors and Phillips' post-sentencing conduct. *See Evans*, 587 F.3d at 672-73; § 1B1.10, cmt. n.1 (B)(i)-(iii). No abuse of discretion has been shown. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED.