# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50571
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY DARNELL MCDONALD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-26

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodney Darnell McDonald, now federal prisoner # 82296-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, McDonald is challenging the district court's certification that his appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50571

As McDonald concedes, the district court implicitly found him eligible for the reduction but declined to exercise its discretion to reduce his sentence. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). McDonald contends that the district court abused its discretion in denying a sentencing reduction because it did not consider all of the 18 U.S.C. 3553(a) sentencing factors, did not consider the particular facts of his case, and did not articulate the reasons for denying his motion.

Contrary to McDonald's assertions, the record reflects that the district court considered his motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors, expressly determining that relief was unwarranted, in particular, based on McDonald's criminal history, the need to protect the public from future crime, and the fact that the court had previously granted McDonald a sentence reduction. McDonald does not argue that the district court abused its discretion by basing its decision on an error of law or a clearly erroneous assessment of the facts before it. Thus, he cannot show an abuse of discretion on the district court's part. *See Larry*, 632 F.3d at 936; *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

McDonald has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.