# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50704
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KEVIN LAMAR COLEMAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-83

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kevin Coleman, federal prisoner # 35520-180, seeks to proceed *in forma*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis* ("IFP") on appeal of the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Coleman is challenging the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As Coleman concedes, the district court implicitly found him eligible for the reduction but declined to exercise its discretion to reduce the sentence. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Coleman contends that the court abused its discretion in denying a sentencing reduction because it did not consider all of the 18 U.S.C. 3553(a) sentencing factors or the particular facts of his case and did not articulate the reasons for denying the motion. We need not address Coleman's additional contentions alleging that the government breached the plea agreement and that the district court committed various pre-trial, trial, and sentencing errors because those issues are beyond the scope of the guidelines amendment and therefore are not cognizable in a § 3582 motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Contrary to Coleman's assertions, the record reflects that the district court considered his motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors, expressly determining that relief was unwarranted, in particular, based on the seriousness of the offense, the need to protect the public from danger, and the fact that Coleman had callously committed his crimes in the presence of children. Coleman's conclusional assertions are not sufficient to demonstrate that the court based its decision on an error of law or a clearly erroneous assessment of the facts. Thus, Coleman cannot show an abuse of discretion. *See Larry*, 632 F.3d at 936; *Evans*,

587 F.3d at 673.

Coleman has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is DENIED. Coleman's motion for immediate release is likewise DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.