# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50573
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAY ANTHONY LOPEZ, also known as Raymond Anthony Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-297

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ray Anthony Lopez, federal prisoner # 57718-112, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. He contends that the district court abused its discretion in denying his § 3582(c)(2) motion.

Section 3582(c)(2) establishes a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). At the first step, a district court is to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether a reduction is consistent with U.S.S.G. § 1B1.10 by determining the prisoner's eligibility for a reduction and the extent of the authorized reduction. *See id.* In the second step, a district court is to "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827.

We review the district court's refusal to reduce Lopez's sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted).

Lopez claims that the district court procedurally erred by failing to ensure that the record reflects that the calculations required to arrive at the amended guidelines range were performed correctly. Lopez is correct that the district court did not explicitly perform the first step of the analysis set forth in *Dillon* by analyzing his eligibility for a reduction pursuant to Amendment 782 or the extent of the authorized reduction. However, the district court's determination that Lopez was eligible for a sentence reduction is implied by the district court's consideration of the § 3553(a) factors. The district court's implicit determination that Lopez was eligible for a sentence reduction is sufficient. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

As for the second step of the analysis under § 3582(c)(2), Lopez contends that the district court erred in denying a reduction based on clearly erroneous facts and in failing to consider all of the § 3553(a) factors and his post-sentencing rehabilitation. Pursuant to the guidelines commentary, when

determining whether a reduction in the defendant's term of imprisonment is warranted and the extent of any such reduction, the district court "shall consider" both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." § 1B1.10, comment. (n.1(B)(i)-(ii)). The district court "may consider" the defendant's post-sentencing conduct. § 1B1.10, comment. (n.1(B)(iii)). However, a district court has no obligation to grant § 3582(c)(2) relief. *Evans*, 587 F.3d at 673.

Here, the record reflects that the district court appropriately considered Lopez's § 3582(c)(2) motion as a whole, considered the § 3553(a) factors, and took into account the danger to the community that might result from a reduction in Lopez's term of imprisonment. Additionally, although the district court did not discuss Lopez's post-sentencing rehabilitative efforts, an argument concerning such efforts was presented to the district court, and we may assume that the district court considered it. *See Evans*, 587 F.3d at 673. In light of the foregoing, Lopez has failed to show that the denial of his § 3582(c)(2) motion was an abuse of the district court's discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.