# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2011

No. 08-30368

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER KENDELL LARRY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before KING, DeMOSS, and PRADO, Circuit Judges.

HAROLD R. DeMOSS, JR.:

Christopher Kendell Larry appeals the district court's denial of its sua sponte motion to modify Larry's sentence under 18 U.S.C. § 3582(c)(2). Because the record does not indicate that the district court explicitly or implicitly considered the 18 U.S.C. § 3553(a) factors in determining whether to reduce Larry's sentence, we vacate the district court's order denying sentence modification and remand with instructions.

I.

Larry pleaded guilty to possession and conspiracy to possess with intent to distribute cocaine base, two counts of possession with intent to distribute marijuana, and two counts of possession of a firearm as a convicted felon. At

No. 08-30368

sentencing, the district court determined that his applicable offense level was 37 and that his guideline range for incarceration was 262 to 327 months. The district court sentenced him to an imprisonment term of 280 months for the cocaine base counts, 60 months for the marijuana counts, and 120 months for the firearm counts. The sentences were ordered to run concurrently.

The government thereafter filed two separate motions to modify Larry's sentence pursuant to Federal Rule of Criminal Procedure 35(b). The district court found that Larry had substantially assisted the government and reduced his total sentence to 154 months after the first motion and to 138 months after the second.

In March 2008, days after the United States Sentencing Commission's reduction in offense level for crack cocaine offenses became retroactive, the district court considered an *ex proprio motu* motion for retroactive application of the sentencing guidelines as to Larry's sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Burns*, 526 F.3d 852, 862 (5th Cir. 2008) (noting that § 3582(c)(2) authorizes the district court to sua sponte consider the application of the modified guidelines). That same day, before either party had notice that the district court had made the sua sponte motion for modification, the district court signed an order denying the motion. In its order, the district court found that the Sentencing Commission had lowered the sentencing range used to sentence Larry from 262 – 327 months to 210 – 262 months. The district court, however, declined to further reduce Larry's sentence, stating simply that Larry "ha[d] been given sufficient credit for cooperation" and that "the previously imposed sentence is still sharply below the amended guideline range." The next day the district court entered a notation on the docket sheet indicating that it had made the motion and docketed the order denying all relief. Larry timely appealed.

No. 08-30368

II.

We review a district court's order sua sponte denying a defendant relief under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). A court abuses its discretion when the court makes an error of law or "bases its decision on a clearly erroneous assessment of the evidence." *United States v. Lipscomb*, 299 F.3d 303, 338-39 (5th Cir. 2002) (citation and internal marks omitted). When a court in applying its discretion fails to consider the factors as required by law, it also abuses its discretion. *See United States v. Garza*, 593 F.3d 385, 388 (5th Cir. 2010).

The Supreme Court developed a two-step test for determining whether a court should reduce a defendant's sentence under § 3582(c)(2). *Dillion v. United States*, 130 S. Ct. 2683, 2691-92 (2010). The court first considers whether the sentence modification is authorized. *Id.* at 2691. A sentence modification is authorized if it "is consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10" of the United States Sentencing Guidelines Manual (U.S.S.G.). *Id.* at 2691 (citation and internal marks omitted). Only if the court determines that a sentence modification is authorized must the court consider whether such modification is warranted. *Id.* To determine whether the authorized modification is warranted, the court must consider the applicable § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." *United States v. Robinson*, 542 F.3d 1045, 1049, 1052 (5th Cir. 2008) (quoting U.S.S.G. § 1B1.10 cmt. n.1(B) (2008)); *see Dillion*, 130 S. Ct. at 2692. The court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." *Robinson*, 542 F.3d at 1052 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)).

In this case, the district court implicitly found and the parties agree that a sentence modification was authorized under § 3582(c)(2). *See* U.S.S.G.

3

No. 08-30368

§ 1B1.10(b)(2)(B); *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Although authorized, the district court decided on its own motion and without briefing or argument that a further reduction in Larry's sentence was not warranted. On appeal, Larry correctly recognizes that the district court has the discretion to deny sentence modification. *See Evans*, 587 F.3d at 673. Larry argues however that the district court abused that discretion by denying the modification without first considering the § 3553(a) factors.

There is no indication in the record that the district court considered the factors when it determined whether the modification was warranted. The district court did not state that it considered the factors or explain how the factors supported its finding that sentence modification was not warranted. Moreover, it did not consider argument concerning the factors, in part because the court did not give the parties an opportunity to make such arguments.

Nonetheless, the government asks this court to find that the district court implicitly considered the factors and thus did not abuse its discretion. When ruling on a motion for modification of sentence, a district court need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion. *See Cooley*, 590 F.3d at 297-98; *Evans*, 587 F.3d at 673. But, it must consider them. *Evans*, 587 F.3d at 673. This court has found that the district court implicitly considered the factors when the parties presented argument to the district court concerning the merits of the motion for modification. *See, e.g.*, *Cooley*, 590 F.3d at 298; *Evans*, 587 F.3d at 673; *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982-83 (5th Cir. 1997); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). In each of those cases, the parties were given the opportunity to explain why the relevant § 3553(a) factors supported or failed to support a finding that sentence modification was warranted.

No. 08-30368

However, in a situation such as the one we wrestle with today, where the court did not consider argument concerning the factors or allow the parties the opportunity to present such argument, we refuse to find that the district court implicitly considered the § 3553(a) factors. We further decline to infer that the district court considered all of the relevant factors merely because the district court had a report calculating Larry's amended guideline range and detailing Larry's post-sentencing disciplinary incidents when it denied the motion for the reasons stated above. Accordingly, the record fails to support the conclusion that the district court either explicitly or implicitly considered the factors. We cannot find such abuse of discretion harmless. *See United States v. Mueller*, 168 F.3d 186, 189-90 (5th Cir. 1999) (citing *Gonzalez-Balderas*, 105 F.3d at 984).

### III.

For the foregoing reason, we vacate the district court's order denying sentence modification. Upon remand, the district court should give the parties an opportunity to address the merits of the district court's sua sponte motion to modify Larry's sentence under 18 U.S.C. § 3582(c)(2). If the district court chooses to consider a presentence report addendum or any other matter outside of the record, it shall give the parties notice and an opportunity to respond. *See id.* at 189. In deciding whether the sentence modification is warranted, the district court shall consider the § 3553(a) factors and the nature and seriousness of the danger to any person or the community that may be posed by reducing Larry's sentence. The district court may also consider Larry's post-sentencing conduct. This case is remanded to the district court for further proceedings consistent with this opinion.

**VACATE and REMAND.**

No. 08-30368

KING, Circuit Judge, dissenting:

I respectfully dissent from the majority's conclusion that the district court abused its discretion in denying its *sua sponte* § 3582(c)(2) motion.

It is clear to me that the district court considered the relevant § 3553(a) factors as required by § 3582(c)(2). In deciding this motion, the district court had before it an addendum to the PSR—which the defendant challenged neither below nor on appeal—calculating Larry's post-amendment Sentencing Guidelines range and chronicling Larry's post-conviction conduct. In its order denying the § 3582(c)(2) motion to further reduce Larry's sentence in light of the amended Guidelines range, the district court found that Larry "has been given sufficient credit for cooperation," and that "the previously imposed sentence is still sharply below the amended guideline range." Thus, in declining to further reduce Larry's 138-month sentence, the district court considered the amended Guidelines range in the context of the particular circumstances of the case—considerations implicitly invoking the relevant § 3553(a) factors.

Furthermore, the defendant has not pointed us to any particular factor under § 3553(a) that, if considered, would support a sentence reduction in this case. Remanding for further development by the parties and for reconsideration of the § 3553(a) factors strikes me as an exercise in futility. As the district court concluded in its order denying the § 3582(c)(2) sentence modification, the defendant has already received substantial sentence reductions on the basis of the government's Rule 35 motions, and the district court's final sentence remains 72 months below the low end of the applicable amended Guidelines range. Without argument from the defendant that further reduction is even warranted, I would not reverse the district court's order and remand for further proceedings.

I agree with the majority that it would have been good practice for the district court to provide notice and an opportunity for the parties to argue the merits of the § 3582(c)(2) motion. However, the district court's failure to do so

6

No. 08-30368

in this case should not prevent us from concluding what the record clearly demonstrates, i.e., that the district court properly considered the applicable § 3553(a) factors.