**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2012

No. 11-41386
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS JAMES JOULEVETTE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-69-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2007, Louis James Joulevette, federal prisoner # 06561-078, pled guilty to possession with intent to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 120 months in prison to be followed by five years of supervised release. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. Joulevette based the motion on Amendment 750, which altered the Sentencing Guidelines base offense levels for crack cocaine. We review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41386

denial of a § 3582 motion for abuse of discretion. *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Joulevette argues that the district court abused its discretion in denying his § 3582(c) motion based on his classification as a career offender because it failed to acknowledge its authority under Amendment 750 to reduce his sentence below the amended guideline range because he originally received a below-guideline sentence based on the sentencing court's grant of the Government's U.S.S.G. § 5K1.1 motion for a reduction based on his substantial assistance. The Government has filed a motion for summary affirmance, or, alternatively, for an extension of time within which to file a brief.

Because Joulevette's sentencing range was not calculated using the drug quantity table, but the career offender guideline, Amendment 750 does not amend his applicable guideline range, and he is not eligible for a sentence reduction. *See* Fair Sentencing Act, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372 (2010); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Furthermore, because Amendment 750 yielded no amended guideline range in this case, the substantial assistance exception to the limit on the amount a sentence can be reduced is not applicable to Joulevette. *See* U.S.S.G. § 1B1.10(b)(2)(B), cmt. n.3.

Accordingly, Joulevette has not shown that the district court abused its discretion in denying his motion for a reduction of his sentence. *See Larry*, 632 F.3d at 936. The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.