# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2012

No. 12-10067
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AVERY LASHAUN BENNETT, also known as Soldier,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-4

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Avery Lashaun Bennett, federal prisoner # 32980-177, proceeding pro se and in forma pauperis, challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 2005 sentence of 188 months of imprisonment for possession with intent to distribute less than 50 grams of cocaine base and aiding and abetting.

The decision to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10067

2009). In determining whether to reduce a sentence, the court first determines whether a sentence modification is authorized and to what extent. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). Next, the court must consider any applicable 18 U.S.C. § 3553(a) sentencing factors and determine whether any reduction is warranted. *Id.* at 2692.

The court implicitly determined Bennett was eligible for a reduction, *see United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011), but concluded that it was not warranted in the light of the § 3553(a) factors and the circumstances of his case. Having concluded that Bennett was eligible for a reduction, the court was under no obligation to reduce his sentence. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)(i-iii)). The court properly considered the § 3553(a) factors and Bennett's post-sentencing conduct. *See Evans*, 587 F.3d at 672-73; U.S.S.G. § 1B1.10, cmt. n.1 (B)(i)-(iii). We see no abuse of discretion in the court's determination.

In his reply brief, Bennett argues for the first time that there is a disparity in the way defendants' motions for reduction of sentences are handled, specifically referring to two other individuals. This court generally does not consider arguments raised for the first time in a reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). In any event, Bennett has not shown that the two people he cited have similar criminal records, which include gang membership, or similar post-sentencing conduct involving sexual conduct. Thus, he has not shown that any disparity was unwarranted.

Bennett has failed to show that the district court abused its discretion in denying § 3582(c)(2) relief. The judgment of the district court is AFFIRMED.