# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 11, 2013

Lyle W. Cayce
Clerk

No. 12-30342
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRAZIER THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50073-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Frazier Thomas, now federal prisoner number 11833-035, was convicted in 2004 of possession with intent to distribute more than 50 grams of cocaine base and was sentenced to a 210-month term of imprisonment and to a five-year period of supervised release. *United States v. Thomas*, 145 F. App'x 88, 89 (5th Cir. 2005). After the guidelines applicable to cocaine base offenses were amended, Thomas's sentence of imprisonment was reduced, on February 19, 2009, to 168 months. When the guidelines were amended again, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court entered an order, on November 2, 2011, granting Thomas's motion for a reduction of his sentence, but declining to reduce the sentence further. Thomas moved for reconsideration, arguing that the district court procedurally erred in granting the motion without modifying the sentence and that the district court had failed to provide reasons for denial. The district court denied the motion. Thomas gave timely notice of his appeal.

Thomas contends that the district court abused its discretion in issuing an order granting his motion for a reduction of his sentence that did not reduce his sentence; that the district court did not provide adequate reasons for its decision; and that the district court's decision violated his right to due process by making it impossible for him to respond to or address in a meaningful way the concerns of the district court.

We review the district court's order for an abuse of discretion. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). The district court is required to apply a two-step test in determining whether to reduce a defendant's sentence under § 3582(c)(2). *Id.* It must first determine whether a reduction is authorized. *Id.* If it is, the court must then determine whether a modification is warranted by considering the applicable statutory sentencing factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and, if appropriate, the post-sentencing conduct of the defendant. *Id.* (internal quotation marks and citation omitted). "When ruling on a motion for modification of sentence, a district court need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion. But, it must consider them." *Id.*

As in *Larry*, the district court in the instant case found, and the parties agree, that modification of Thomas's sentence was authorized by the amendment of the cocaine base guidelines following enactment of the Fair Sentencing Act. Unlike *Larry*, Thomas had an opportunity to present argument in support of his

contention that a modification of his sentence was warranted because he raised those arguments in his motion for reconsideration. *See* 632 F.3d at 937.

In denying the motion for reconsideration, the district court noted that the 168-month sentence fell within the amended sentencing range. The court stated that it had reviewed the record and that it had determined again that no further reduction was "warranted" and that the 168-month sentence was "appropriate." Based on these statements, it may be inferred that the district court considered the statutory sentencing factors and other relevant factors. *See id.* at 936-37; *see also United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) (inferring from court's statement that "no further reductions are warranted" that district court understood it could grant a reduction and that it determined that none was warranted); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (inferring that factors were considered because it had defendant's arguments before it when it ruled). The district court's order is AFFIRMED.