# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2013

Lyle W. Cayce
Clerk

No. 12-30720
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS D. SNEED,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:09-CR-164-9

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcus Sneed, federal prisoner # 14412-035, appeals the district court's

grant of his 18 U.S.C. § 3582(c)(2) motion and its denial of his motion for recon-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sideration, which challenged the extent of the sentence reduction. Sneed contends that the court abused its discretion in reducing his 87-month term of imprisonment by only 16 months to 71 months and in not giving reasons for declining to reduce it further.

This court reviews a district court's decision "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (per curiam) (internal quotation marks and citation omitted). "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence. When a court in applying its discretion fails to consider the factors as required by law, it also abuses its discretion." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and internal citation omitted). Although "a district court need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion," the court must consider the § 3553(a) factors. *Id.* (citing, *inter alia*, *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009)).

The record reflects that the district court considered the § 3553(a) factors in ruling on Sneed's motion. *See id.* The court, "which was under no obligation to reduce [Sneed's] sentence at all, was under no obligation to reduce it even further within the recalculated range." *Evans*, 587 F.3d at 673 (citations omitted). The court was not required to give reasons for granting the § 3582(c)(2) motion but not imposing a lower sentence. *See id.* at 674. Sneed has failed to show that the court abused its discretion.

AFFIRMED.