**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Monte Lee ARMSTRONG, also known as Monte Armstrong, Defendant–Appellant.**

**No. 15–40633**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Monte Lee Armstrong, Miami, FL, pro se.

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM: *

Monte Lee Armstrong, federal prisoner # 69128–179, is serving a 135–month term of imprisonment, which was imposed following his conviction of possession with intent to distribute more than one thousand kilograms of marijuana. In this appeal, Armstrong challenges the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). He asserts that he was eligible for a sentence reduc-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion under Amendment 782 and that the district court abused its discretion in sua sponte denying § 3582(c)(2) relief without allowing him the opportunity to be heard. Armstrong argues that a sentence reduction was warranted in view of his post-sentencing efforts to improve his education and his good prison disciplinary record, and he contends that the district court abused its discretion by failing to properly consider the evidence. The Government argues that the district court did not abuse its discretion and that Armstrong's § 3582(c)(2) motion was premature.

Amendment 782 became retroactively applicable on November 1, 2015, to inmates, like Armstrong, who were sentenced prior to the effective date of the amendment. *See* U.S.S.G., App. C, Amend. 788. Inmates, such as Armstrong, who are eligible for a sentence reduction under Amendment 782 were permitted, prior to November 1, 2015, to seek a sentence reduction that would become effective on November 1, 2015. U.S.S.G. § 1B1.10, comment. (n.6).

In determining whether a reduction in the defendant's term of imprisonment is warranted and the extent of such reduction, the district court "shall consider" both the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." § 1B1.10, comment. (n.1(B)(i)-(ii)). The district court "may consider" the defendant's post-sentencing conduct. § 1B1.10, comment. (n.1(B)(iii)).

In denying § 3582(c)(2) relief to Armstrong, the district court expressly stated that it had considered the § 3553(a) factors, and the district court also stated that it had taken into account "the need to protect the community." The district court further indicated that it had "tak[en]

into account the policy statement set forth at U.S.S.G. § 1B1.10," and details of Armstrong's post-sentencing conduct were included in an Addendum prepared by the probation officer, which was before the district court when it made its determination to deny § 3582(c)(2) relief.

In sum, the record shows that the district court "consider[ed] the factors as required by law" and therefore did not abuse its discretion. *United States v. Larry*, 632 F.3d 933, 936 (5th Cir.2011). The district court was not required to give a detailed explanation of its decision to deny § 3582(c)(2) relief, and Armstrong was not entitled to relief under § 3582(c)(2) just because he was eligible for a sentence reduction. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir.2009).

Armstrong also contends that the district court erred in denying his motion for the appointment of counsel to assist in the filing of a § 3582(c)(2) motion. There is no general right to the appointment of counsel in a § 3582(c)(2) proceeding. *See United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir.1995). Armstrong has not shown that fundamental fairness or the interests of justice required the appointment of counsel in what was an uncomplicated matter that did not turn on unresolved or disputed issues. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir.2008); *Whitebird*, 55 F.3d at 1011.

AFFIRMED.