# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40854
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS LEAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-461-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcos Leal, federal prisoner # 89302-279, is serving a 96-month term of imprisonment following his conviction for possession with intent to distribute 327.68 kilograms of marihuana. In this appeal, Leal challenges the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the Sentencing Guidelines. He has also moved for leave to file an out-of-time reply brief, and that motion is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40854

First, Leal contends that the district court erred by failing to expressly find that he was eligible for a sentence reduction and determine what his amended guidelines imprisonment range would be. The district court's consideration of the issue whether relief was warranted necessarily implies that it did find Leal eligible for a sentence reduction. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Second, Leal argues that the district court abused its discretion in failing to grant him a sentence reduction. In particular, Leal argues that (1) the district court gave undue weight to his prior criminal history and that it would not have done so had it conducted a through investigation of the facts behind his prior convictions; (2) his postsentencing rehabilitation efforts warranted a sentence reduction, and the district court's failure to mention those efforts in its reasons for denying relief indicate that it did not consider them; (3) a sentence reduction resulting in Leal's early release would fulfill Amendment 782's purpose of reducing the federal prison population and the costs of incarceration; (4) because the district court sentenced him at the low end of the original guidelines-imprisonment range, it should have modified his sentence to be at the low end of his amended guidelines-imprisonment range; and (5) other defendants with far worse criminal histories have been granted relief under § 3582(c)(2) in the wake of Amendment 782.

When determining whether a reduction in the defendant's term of imprisonment is warranted and the extent of such reduction, the district court "shall consider" both the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)). The district court also "may consider" the defendant's postsentencing conduct. § 1B1.10, comment. (n.1(B)(iii)).

2

No. 15-40854

In its order denying relief, the district court stated that it had considered the § 3553(a) factors and the further need to protect the community. It also indicated that it had taken into account the policy statement set forth at U.S.S.G. § 1B1.10, which provides that a district court may, but is not required to, consider a defendant's postsentencing conduct. In sum, the record shows that the district court considered the factors as required by law and therefore it did not abuse its discretion in denying relief. *See Larry*, 632 F.3d at 936; *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

AFFIRMED.