# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50647
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN DALE ROSS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-114-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Kevin Dale Ross appeals the district court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). The district court originally sentenced Ross to 188 months of imprisonment, which was within the guidelines range of 188 to 235 months, for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). The district court subsequently granted the Government's motion to reduce Ross's sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50647

pursuant to Federal Rule of Criminal Procedure 35(b) based on Ross's assistance to law enforcement and sentenced Ross to 140 months of imprisonment, which was within the reduced guidelines range of 135 to 168 months.

After the Sentencing Commission retroactively lowered the guidelines range to 151 to 188 months of imprisonment, the parties moved the district court to reduce Ross's sentence pursuant to § 3582(c)(2). *See* U.S.S.G. App. C, Amend. 782. The district court noted that Ross was "technically eligible for a reduction" but denied any further reduction because the 140-month term of imprisonment was "well below the amended guideline range" and was "a reasonable sentence even in light of the amended guideline range."

We review the district court's decision for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). There is no dispute that Ross, who was sentenced prior to the effective date of the amendment, was eligible for a reduction based on Amendment 782. *See* U.S.S.G., App. C, Amend. 788; U.S.S.G. § 1B1.10(d). Rather, the crux of Ross's argument is that the district court improperly weighed the applicable sentencing factors. Ross argues, as he did in the district court, that the district court failed to properly consider the amended guidelines and failed to give adequate weight to his post-sentencing achievements. He also contends that the district court failed to consider the need to avoid unwarranted sentence disparities.

The district court was not required to expressly refer to the 18 U.S.C. § 3553(a) factors or to provide more specific reasons in support of its determination that a reduction was not warranted. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the

2

No. 15-50647

§ 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Here, the record shows that the district court considered the context of the original sentence when it decided that a further reduction was not warranted, gave due consideration to the motion as a whole, and implicitly considered the § 3553(a) factors and Ross's post-sentencing conduct. Under the circumstances, we find no abuse of discretion. *See id.*

The judgment of the district court is AFFIRMED.