# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE LATHAM,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CR-55-5

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jermaine Latham appeals the denial of his 18 U.S.C. § 3582(c) motion to reduce his 235-month sentence for possession of powder cocaine with intent to distribute. Latham contends that comments made by the district court during an unrelated § 3582(c) hearing three weeks after the denial of his motion demonstrate, in retrospect, that it failed to consider the 18 U.S.C. § 3553(a) factors in denying him relief. *See United States v. Larry*, 632 F.3d 933, 936

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2011).  Finding no abuse of the district court's discretion, we affirm. *See United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).

Both in its written order and in a separate statement of reasons, the district court expressly cited § 3553(a) as the basis for its decision not to grant Latham a sentence reduction.  *See Larry*, 632 F.3d at 936.  Latham argues, however, that any assumption that the district court contemporaneously considered § 3553(a) is rebutted by its subsequent comments, in which the court failed to recall having previously denied Latham's motion and noted the divergence between its treatment of his motion and its normal § 3582(c) protocol.  *See generally United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  This argument fails for two reasons.  First, the district court's consideration of § 3553(a) in this case is not merely implicit but, rather, is explicitly documented.  Second, the events of the subsequent § 3582(c) hearing are irrelevant to our review because they "were not before the district court at the time of the challenged ruling."  *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Because the record reflects the district court's reliance on § 3553(a) to deny Latham's § 3582(c) motion, the judgment is AFFIRMED.