# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50287
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MANUEL GUEDEA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-751-2

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Manuel Guedea-Martinez appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). He contends that the court, in finding that he did not warrant a reduction of his sentence, failed to properly apply the applicable sentencing factors and erroneously construed the record.

Section 3582(c)(2) permits a discretionary modification of a defendant's sentence for cases in which the Guidelines sentencing range has subsequently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50287

been lowered by the Sentencing Commission.  § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  In the context of a § 3582(c)(2) motion for a sentence reduction, the district court must consider the 18 U.S.C. § 3553(a) factors, although it "need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal citation omitted).  We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Guedea-Martinez has not demonstrated that the district court committed any error of law or that its decision was based on a clearly erroneous assessment of the evidence, particularly because at the sentencing hearing the district court quickly corrected its initial misconstruction of the alleged obstruction enhancement.  *Larry*, 632 F.3d at 936.  The court's allocution at the hearing indicated several legitimate § 3553(a) bases for its denial, including the seriousness of the offense, the nature and circumstances of the offense, and the characteristics of Guedea-Martinez.  § 3553(a)(1), (2)(A). Because the district court supported its decision by a number of § 3553(a) factors and committed no error, there is no basis to disturb the denial of a sentence reduction here.

AFFIRMED.

2