# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50237

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

G. B. BUTCH COLEMAN, JR.,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

G. B. Butch Coleman was convicted and sentenced to 168 months of imprisonment for his role in a drug-smuggling conspiracy. Following an amendment to the Sentencing Guidelines, Coleman and the government filed a joint motion, seeking a reduction in Coleman's sentence. Coleman appeals the district court's denial of that motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50237

I

Coleman was part of a conspiracy to smuggle large quantities of cocaine into the United States. He was convicted after a jury trial of conspiring to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The Presentence Report calculated Coleman's Sentencing Guidelines range as 151 to 188 months. The district court sentenced Coleman to 168 months of imprisonment, five years of supervised release, and a $100 special assessment.

The Sentencing Guidelines were amended subsequent to Coleman's sentencing, reducing the sentencing range for many offenses. *See* U.S.S.G., App. C, Amend. 782. Pursuant to the amendment, Coleman and the government jointly moved to reduce Coleman's sentence to 134 months. The district court conducted a brief hearing on the matter and, exercising its discretion under 18 U.S.C. § 3582(c)(2), denied the motion. Coleman timely appealed.

II

We review a district court's denial of a motion to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

III

Title 18 U.S.C. § 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3353(a) . . . ." Section 3353(a) in turn provides a list of factors for the district court to consider in determining whether to reduce a sentence,

including, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," the "seriousness of the offense," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The district court must also consider "any pertinent policy statement," 18 U.S.C. § 3353(a)(5), which here includes the Sentencing Commission's instruction that courts "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10, cmt. (n.1(B)(iii)).

IV

Coleman argues that the district court abused its discretion in not granting him a sentence reduction because (1) it failed to properly consider mitigating evidence of Coleman's post-sentence conduct, and (2) it "refused the reduction simply because Coleman had gone to trial."

Coleman's argument regarding post-sentence conduct fails on two fronts. First, a district court is not *required* to consider post-sentencing conduct when making a determination as to a sentence reduction. *See* U.S.S.G. § 1B1.19, cmt. (n.1(B)(iii)); *see also United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (explaining that a district court "may" consider post-sentence conduct); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (district court is "allow[ed]" to consider post-sentencing conduct). Second, in Coleman's case, the district court's order denying the sentence reduction noted that the district court "[took] into account the policy statement set forth at USSG §1B1.10 . . . ." The district court did not abuse its discretion in its consideration of Coleman's post-sentence conduct.

Coleman's argument that the district court refused to grant him a sentence reduction because he exercised his Sixth Amendment right to a jury

trial is more compelling. The government contends that the district court properly considered the appropriate Section 3353(a) factors. In particular, the government points to the district court's statement at the hearing that Coleman was responsible for "multiple kilos of cocaine coming through" as evidence that the district court was particularly swayed by the seriousness of the offense—one of the factors articulated in Section 3353(a). But, although the record is sparse, it appears that the district court did not restrict its inquiry to the Section 3353(a) factors. Indeed, the record strongly indicates that Coleman's choice to go to trial—not one of the factors articulated in Section 3353(a)—was something the district court considered when it denied the motion. At the hearing, for example, the district court noted that "Mr. Coleman went to jury trial," reiterated again that "Mr. Coleman, of all the defendants went to trial," and then finally stated that Coleman had "put a lot of people . . . in peril . . . by having to testify against him as well." Over the course of a very brief hearing, the district court three times stressed the fact that Coleman, of all the defendants connected the conspiracy of which he was a part, exercised his constitutional right to a jury trial.

Because the district court improperly considered Coleman's choice to go to trial when denying the motion, the district court based its decision on an error of law. That error constituted an abuse of discretion. *See Henderson*, 636 F.3d at 717. We recognize, however, that the district court, having witnessed the trial and interacted with Coleman, is still in the best position to determine whether a sentence reduction is warranted. We therefore VACATE the district court's denial of the motion, and REMAND for rehearing, with instructions to consider only those factors outlined in 18 U.S.C. § 3353(a).

4