# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXIS ESTEVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-588-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alexis Estevez, federal prisoner # 71905-079, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Estevez argues that the district court erred in reducing his sentence on the possession-with-intent-to-distribute-marijuana count to 97 months rather than to 87 months. He asserts that his total original sentence of 130 months was in the middle of the guidelines range and that the district court was obligated to give

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40536

him a reduction that resulted in a total sentence in the middle of the amended range.  We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

A district court abuses its discretion by making a legal error, basing its decision on a clearly erroneous assessment of evidence, or by failing to consider factors that it is required by law to examine.  *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).  The record reflects that the district court considered the policy statement of U.S.S.G. § 1B1.10 and the applicable 18 U.S.C. § 3553(a) factors.  Estevez cannot show that the district court abused its discretion by not granting him a greater reduction in sentence.  *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.