# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2021

Lyle W. Cayce
Clerk

No. 20-10904
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MALCOLM DOUGLAS CRAWFORD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-26-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Malcolm Douglas Crawford, federal prisoner # 55651-177, pleaded guilty to one count of giving a false statement to a government agent, and the district court imposed a sentence of 57 months in prison to be followed by three years of supervised release. Crawford now challenges the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10904

court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, § 404, 132 Stat. 5194. Crawford argues that he is entitled to compassionate release under § 3582(c)(1)(A) due to the extraordinary and compelling circumstances COVID-19 poses in a prison setting, particularly in light of his history of multiple serious medical conditions, including (1) nonalcoholic steatohepatitis (NASH), (2) end stage liver disease, (3) kidney failure, (4) diabetes, (5) mini strokes, and (6) chronic anemia. He further asserts that the 18 U.S.C. § 3553(a) factors weigh in his favor. To the extent that Crawford separately moves for compassionate release, the motion is DENIED.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 692-93 & n.2 (5th Cir. 2020). The district court concluded that Crawford was not entitled to an early release because his medical conditions did not create an extraordinary or compelling circumstance and, in the alternative, the 18 U.S.C. § 3553(a) factors did not weigh in his favor. The Government concedes that in conjunction with COVID-19, some of Crawford's medical conditions create extraordinary and compelling reasons qualifying him for relief. However, regarding the district court's alternative basis for denial, Crawford has not provided any evidence or case law to demonstrate that the district court (1) based its decision on a legal error or on an erroneous assessment of the facts or (2) failed to consider a factor required by law. *Chambliss*, 948 F.3d at 693; *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Crawford's mere disagreement with the district court's weighing of the sentencing factors is not sufficient to demonstrate abuse of discretion. *Chambliss*, 948 F.3d at 693. Accordingly, the judgment is AFFIRMED.