# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2021

Lyle W. Cayce
Clerk

No. 20-60825
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Kizzee,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CR-28-1

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Anthony Kizzee was convicted by a jury of, *inter alia*: possession with intent to distribute cocaine base; and traveling in interstate commerce with intent to promote unlawful activity. He appeals the district court's denying

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60825

his motion for resentencing pursuant to Section 404 of the First Step Act of 2018.

The district court's denial of a motion for reduction in sentence is reviewed under a highly-deferential, abuse-of-discretion standard. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert denied*, 140 S. Ct. 2699 (2020). "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Kizzee asserts the district court, in denying his motion, failed to properly consider his postconviction rehabilitation record. In denying the motion, the court considered all 18 U.S.C. § 3553(a) sentencing factors and concluded none of them warranted a sentence reduction in the light of his offense conduct and history. Accordingly, he has not shown the district court abused its discretion. *See United States v. Batiste*, 980 F.3d 466, 477–78 (5th Cir. 2020) ("[I]t is more plausible, on the record before us, that the district court, having evaluated all pertinent factors, simply exercised its statutory discretion to deny the motion.").

He further claims the court ignored the applicable statutory maximum sentence, but this contention would require the district court to consider caselaw decided after his sentence that is not applied retroactively. Therefore, the court could not consider it. *See United States v. Hegwood*, 934 F.3d 414, 418–19 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019) (holding resentencing under First Step Act places district court "in the time frame of the original sentencing" and applying the law as it was then).

AFFIRMED.