# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2021

Lyle W. Cayce
Clerk

No. 20-10094
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Telasa Clark, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-177-5
USDC No. 4:19-CV-1025

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Telasa Clark, III, federal prisoner # 27064-177, pleaded guilty to one count of bank robbery and two counts of using and carrying a firearm during a crime of violence, and the district court imposed a total sentence of 600

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

months in prison to be followed by five years of supervised release. Clark now challenges the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, § 404, 132 Stat. 5194. Clark argues that he is entitled to a reduction because (1) based on current law, he would be subject to a sentence of only 180 months in prison and (2) he has made significant positive efforts toward rehabilitation. He maintains that the district court abused its discretion in denying his § 3582(c) motion because the commentary to U.S.S.G. § 1B1.13, p.s., does not include an exhaustive list of extraordinary and compelling reasons for a sentence reduction and that the commentary to § 1B1.13 is no longer controlling in light of the First Step Act. The Government moves for dismissal, asserting that Clark submitted an untimely notice of appeal.

A district court may extend the time for filing a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed" based on a finding of excusable neglect or good cause. FED. R. APP. P. 4(b)(4); *see United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (stating that in criminal cases this court treats a late notice of appeal filed within the additional 30-day period as a motion for a determination as to whether excusable neglect entitles a defendant to an extension of time). Clark filed a reply to the Government's response and a notice of appeal within the 30-day period. Moreover, the district court subsequently granted Clark's motion to proceed in forma pauperis, thus, making an implicit finding of excusable neglect. *See United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. 1981). Accordingly, the Government's motion to dismiss is DENIED.

We review the district court's denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 692-93 & n.2 (5th Cir. 2020). The district court abuses its discretion if, among other things, it "fails to consider the factors as required by law." *United States v.*

No. 20-10094

*Larry*, 632 F.3d 933, 936 (5th Cir. 2011). In the instant case, the district court based its denial of Clark's § 3582(c) motion solely on his failure to demonstrate an extraordinary or compelling circumstance as listed in the commentary of § 1B1.13. We recently concluded that "neither the policy statement nor the commentary to [§ 1B1.13] binds a district court addressing a prisoner's own motion under § 3582"; instead, the district court was "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Moreover, there is no indication in the record that the district court either implicitly or explicitly considered the 18 U.S.C. § 3553(a) factors as required. *See Shkambi*, 993 F.3d at 393; *Larry*, 632 F.3d at 936-37.

Accordingly, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.