# United States Court of Appeals
# for the Fifth Circuit

--------

No. 23-40491
Summary Calendar

--------

United States of America,

*Plaintiff—Appellee*,

*versus*

Frederick Wayne Anderson,

*Defendant—Appellant*.

--------

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-79-12

--------

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Frederick Anderson, federal prisoner #32485-177, moves to proceed *in forma pauperis* ("IFP") on appeal of the denial of his motion for a sentence reduction per 18 U.S.C. § 3582(c)(2) and his motion for reconsideration.

Anderson maintains that he is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. Additionally, he challenges

--------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court's balancing of the 18 U.S.C. § 3553(a) factors and contends that the court failed adequately to consider his post-sentence rehabilitation and to consider that he is not a danger to the community.

The record reflects that the district court concluded that Anderson was eligible for the Amendment 782 reduction, but it nevertheless determined that the relevant § 3553(a) factors weighed against granting a reduction, despite Anderson's attempts at post-sentence rehabilitation. In particular, the district court properly considered (i) the nature of the offense, (ii) Anderson's criminal history, and (iii) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C); U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)).

Anderson has not shown a nonfrivolous basis for arguing that the district court abused its discretion by relying on a legal error, a clearly erroneous evaluation of evidence, or a failure to review legally required factors. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Accordingly, he has failed to demonstrate that there is a nonfrivolous argument that the court abused its discretion by denying relief based on its balancing of the § 3553 factors. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.