# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10098
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gary Glenn Peterson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CR-20-1

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Gary Glenn Peterson, federal prisoner # 46083-177, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the Sentencing Guidelines. His motion requested a reduction of his above-guidelines 240-month sentence for attempted enticement of a child. Peterson argues

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that the district court procedurally erred by failing to provide adequate reasons justifying its denial of the motion. He also contends that the district court failed to consider his arguments regarding his post-sentence rehabilitation.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Here, the district court stated in its order that it had considered Peterson's motion, the U.S.S.G. § 1B1.10 policy statement, and the 18 U.S.C. § 3553(a) factors before denying the motion. A district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). We further note that the district court judge who denied Peterson's § 3582(c)(2) motion is the same judge who sentenced him; the judge provided reasons at sentencing that implicated several § 3553(a) factors, especially the need to protect the public from Peterson's further crimes. *See* § 3553(a)(1), (2)(A)-(C). Finally, we note that, because the district court at sentencing did not consider the 121-to-151-month guidelines range to be sufficient when it imposed its non-guidelines sentence of 240 months, it is difficult to conceive how a lower amended guidelines range would affect the court's sentencing decision under the amended Guideline.

On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018). Moreover, to the extent that Peterson challenges the district court's balancing of the § 3553(a) factors, he has not shown that the district court abused its discretion by failing to review legally required factors. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

No. 24-10098

There is no basis for a determination that the district court abused its discretion.  *See Calton*, 900 F.3d at 710.  Accordingly, the decision of the district court is AFFIRMED.