# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30286
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANELLE HALL,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-243-5

———————————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Danelle Hall, federal prisoner # 35171-177 and proceeding *pro se*, challenges the denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Hall is currently serving a 36-month sentence following the second revocation of his supervised release, originally imposed for his guilty-

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

plea conviction for three counts of distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He contends the district court abused its discretion in denying his motion by improperly weighing the 18 U.S.C. § 3553(a) sentencing factors.

A district court's ruling on a motion for a reduced sentence under the FSA is reviewed for abuse of discretion. *E.g.*, *United States v. Stewart*, 964 F.3d 433, 435 (5th Cir. 2020); *see also United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) (district courts have "broad discretion" in deciding whether to grant a sentence reduction under the FSA). "Under this standard, the defendant must show the court made an error of law or based its decision on a 'clearly erroneous assessment of the evidence'." *United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021) (quoting *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011)).

The court determined Hall was eligible for a reduced sentence under § 404 of the FSA, but declined to reduce his sentence based on the § 3553(a) factors, including his history of criminal conduct and supervised-release violations. For the following reasons, the court did not abuse its discretion in denying a reduced sentence.

The lower statutory penalties had no effect on Hall's advisory imprisonment range under the Sentencing Guidelines policy statement. *See* U.S.S.G. § 7B1.4. Despite Hall's contention that the court did not give sufficient weight to the lower statutory maximum applicable to his revocation sentence under the FSA, the court expressly stated that a 36-month maximum term of imprisonment would apply under the FSA instead of the 60-month maximum.

Moreover, contrary to Hall's assertion that the court abused its discretion by failing to consider positive factors related to his rehabilitation, the FSA "does not require a district court to accept a movant's argument

that evidence of rehabilitation . . . counsel[s] in favor of a sentence reduction", nor is the court required "to make a point-by-point rebuttal of the parties' arguments". *Concepcion v. United States*, 597 U.S. 481, 502 (2022). The court acted within its broad discretion in finding that other considerations, including Hall's criminal history and history of supervised-release violations, ultimately weighed against a reduction. *See id.* at 501–02; *see also Abdul-Ali*, 19 F.4th at 837 (considering recidivism and past crimes is "well within the court's discretion" when deciding whether to grant sentence reduction under FSA).

AFFIRMED.