# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2016

Lyle W. Cayce
Clerk

No. 16-40006
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FORTINO GARCIA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-423-5

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fortino Garcia, Jr., federal prisoner # 77908-179, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his 195-month sentence for conspiracy to possess with intent to distribute marijuana and cocaine in accordance with Amendment 782 to the Sentencing Guidelines. We review the denial of a motion for a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40006

reduction under § 3582(c)(2) for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

On appeal, Garcia complains that the district court incorrectly concluded that he was not eligible for a reduction. Although the district court did not explicitly indicate that Garcia was eligible for a lower sentence under § 3582(c)(2), it did so implicitly. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (stating that the finding of eligibility may be implicit). The court's statement that Garcia's 195-month sentence was within the newly applicable guidelines range constituted an acknowledgment that the original sentence was within the range calculated after application of Amendment 782 and after a reduction for substantial assistance.

The record shows that the district court gave due consideration to the 18 U.S.C. § 3553(a) factors, including the nature of the underlying offense and Garcia's personal characteristics. *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). The court was under no obligation to reduce the sentence, and Garcia has not demonstrated that the district court abused its discretion. *See Henderson*, 636 F.3d at 717; *United States v. Evans*, 587 F.3d 667, 672-73 & n.9 (5th Cir. 2009). Accordingly, the judgment of the district court is AFFIRMED.