# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN RICHARD HARRIS, also known as Steve Harris,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-97

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

Steven Richard Harris, federal prisoner # 42930-177, pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and conspiracy to commit money laundering, and he was sentenced to 240 months of imprisonment on the drug count and 72 months on the money laundering count, to run concurrently. Harris filed a motion for a reduction of his sentence, under 18 U.S.C. § 3582(c)(2), in light of Sentencing Guidelines

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50904

Amendment 782, which reduced penalties for certain drug trafficking offenses. The motion was granted, and Harris's sentence of imprisonment was reduced to 220 months. Harris filed a second motion for a further reduction of his sentence asking that his sentence be reduced from 220 months to 188 months, the low end of the amended guideline range. The district court denied the second motion, noting that it had granted his previous motion and stating that no further reduction was warranted. Harris appealed from the second order denying a further reduction.

The district court certified that the appeal was not taken in good faith, and it denied Harris's motion for leave to proceed in forma pauperis (IFP) on appeal. Harris has challenged the district court's certification decision by applying to this court for leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Harris argues that the district court erred in its analysis of the reduction of his term of imprisonment under § 3582(c) and that the district court did not properly consider all the factors set forth in 18 U.S.C. § 3553(a) when imposing the new sentence. He contends that the district court should have applied the analysis required in *Pepper v. United States*, 562 U.S. 476 (2011), by considering his post-sentencing rehabilitation evidence and other evidence concerning his conduct since his last sentencing.

The district court's order ruling on a sentence reduction under § 3582(c)(2) is reviewed for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). The district court's first order stated that the court had considered Harris's motion, U.S.S.G. § 1B1.10 (p.s.), and the sentencing factors set forth in § 3553(a). In its order denying Harris's motion

2

for a further reduction, the district court stated that it had reviewed the motion and the file in his case and concluded that no further reduction was warranted.

A sentencing court is not required to explain its application of the statutory sentencing factors in ruling on a § 3582(c)(2) motion. *United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011) (discussing *Evans*, 587 F.3d at 673). "The court, which was under no obligation to reduce [Harris's] sentence at all, was under no obligation to reduce it even further within the recalculated range." *Evans*, 587 F.3d at 673 (footnotes omitted). Further, "a defendant cannot successfully challenge a district court for failing to provide reasons . . . for *granting* his [§ 3582(c)(2)] motion but not providing a satisfactorily low enough sentence within the recalculated range." *Id.* at 674 (footnote omitted).

As for Harris's argument that the district court should have applied the analysis in *Pepper*, the holding in *Pepper* applied to the consideration of post-sentencing rehabilitation when resentencing after a defendant's sentence had been vacated on appeal, not on a motion to reduce a sentence under § 3582(c). *See* 562 U.S. at 490.

Harris has failed to show that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. His motion for leave to proceed IFP on appeal is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *see also Baugh*, 117 F.3d at 202 n.24.