# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41734
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-43-10

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Oscar Perez, federal prisoner # 82236-079, pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), and he was sentenced to 186 months of imprisonment and five years of supervised release in 2007. He now appeals the district court's denial of his motion under 18 U.S.C. § 3582(c)(2), seeking a reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his sentence in light of Sentencing Guidelines Amendment 782, which reduced penalties for certain drug trafficking offenses.

Perez argues that the district court abused its discretion in denying his motion for reduction of sentence. He contends that the district court failed adequately to weigh the 18 U.S.C. § 3553(a) factors. Citing the reasons given by the district court in denying his motion, he argues that the non-specific basis for denial is insufficient and does not accurately reflect the § 3553(a) factors. Lastly, he asserts that the district court's reasons do not reflect consideration of his post-sentencing conduct and rehabilitation efforts consistent with *Pepper v. United States*, 562 U.S. 476 (2011).

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). It is also an abuse of discretion if a district court, in applying its discretion, fails to consider the factors as required by law. *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

There is no dispute that Perez, who was sentenced prior to the effective date of the amendment, was eligible for a reduction based on Amendment 782. *See* U.S.S.G., App. C, Amend. 788; U.S.S.G. § 1B1.10(d). Because Perez was eligible for a sentence modification, the district court was required to consider the relevant § 3553(a) sentencing factors to determine whether a reduction was warranted in whole or in part based on the specific circumstances of Perez's case. *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

A district court is not required to expressly explain its consideration of the § 3553(a) factors. *See Evans*, 587 F.3d at 673-74; *Larry*, 632 F.3d at 936

No. 15-41734

("When ruling on a motion for modification of sentence, a district court need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion . . . [b]ut, it must consider them."). Rather, if the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

In its order denying Perez's motion, the district court acknowledged that it considered the motion and took "into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)." The district court added: "The original sentence was and is appropriate under 18 U.S.C. § 3553(a) given the defendant's extensive involvement in this criminal activity and his history of involvement with distributing illegal drugs." The record shows that the district court considered the § 3553(a) sentencing factors in denying Perez's motion for reduction. The district court was not required to expressly refer to the specific § 3553(a) factors or provide more specific reasons in support of its determination that a reduction was not warranted. *See Whitebird*, 55 F.3d at 1010; *Henderson*, 636 F.3d at 718.

As for Perez's argument that the district court should have applied the analysis in *Pepper*, the holding in *Pepper* applied to the consideration of post-sentencing rehabilitation when resentencing after a defendant's sentence had been vacated on appeal, not on a motion to reduce a sentence under § 3582(c)(2). *See* 562 U.S. at 490; *United States v. Harris,* 643 F. App'x. 340, 341–42 (5th Cir. 2016) (recognizing this distinction).

AFFIRMED.