# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2025

Lyle W. Cayce
Clerk

No. 25-20028

United States of America,

*Plaintiff—Appellee*,

*versus*

Akintunde Oyewale,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-458-1

Before Clement, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Akintunde Oyewale, federal prisoner # 67668-509, appeals pro se the district court's denial of his motion to reduce his 57-month sentence for conspiracy to commit health care fraud under 18 U.S.C. § 3582(c)(2) and his subsequent motion for reconsideration.[1] He based his motions on Subpart 1

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Since over a year passed between the district court denying Oyewale's original motion for a reduced sentence and Oyewale filing his appeal, it is not timely as to his original motion. However, since the Government has chosen not to respond, we will consider his appeal. *See United States v. Gowdy*, 832 F. App'x 325, 326 n.2 (5th Cir. 2020) (per curiam)

No. 25-20028

of Part B of Amendment 821 to the Sentencing Guidelines, which lowered his guideline range. He argues that the district court failed to properly articulate its reasoning for denying his motions.

If a defendant has already been sentenced, but his sentencing range is subsequently lowered, a district court may reduce the sentence. 18 U.S.C. § 3582(c)(2). We review a district court's denial of a sentence reduction for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

A district court does not need to articulate detailed reasoning for denying a motion under § 3582(c)(2). *See id.* at 673–74; *see also Chavez-Meza v. United States*, 585 U.S. 109, 115–16 (2018) (assuming that, if district courts have a responsibility to explain a decision denying a reduction in sentence, "how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case [because] it may be sufficient . . . that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others").

The district court stated that it denied the motion after considering it[2] "and taking into account the policy statement set forth at USSG § 1B 1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." The district court similarly denied Oyewale's motion for reconsideration after "consider[ing] the motion, submissions, and applicable law." Our cases make clear that this reasoning, while admittedly limited, is sufficient. For example, in *United States v. Cruz-Perez*, we affirmed

---

(noting that the requirement that a notice of appeal be timely is not jurisdictional and may be waived).

[2] While the district court's original order stated that it was considering the reduction in sentence on its own motion, we assume this was a clerical error.

when the district court gave similar reasons for denying the motion when the same judge that originally sentenced him decided his motion for a reduced sentence, the judge's reasoning at sentencing implicated the 18 U.S.C. § 3553(a) factors, and the denial of a reduction in sentence took place only five months after the original sentencing. No. 24-30065, 2024 WL 3023174, at *1 (5th Cir. June 17, 2024) (per curiam); *see also United States v. Connell*, No. 24-20060, 2024 WL 4904665, at *2 (5th Cir. Nov. 27, 2024) (per curiam) (affirming when the denial was three years after the original sentencing by the same judge and the court's reasons for the original sentence were not implicated by the change in guideline range).

The same judge who originally sentenced Oyewale also denied his motion for a reduced sentence less than a year later. While, in contrast to *Cruz-Perez* and *Connell*, the district court gave relatively few reasons for imposing a 57-month sentence at the original sentencing hearing, the record demonstrates that the district court properly engaged with the PSR and Oyewale's arguments regarding the § 3553(a) factors. Over the course of the hearing, the district court discussed letters received in support of Oyewale, his family circumstances, and his role as the owner and administrator of the criminal venture. Thus, we find no abuse of discretion in the district court's denial of his motions for a reduced sentence and reconsideration.

Oyewale also contends that the district court abused its discretion by failing to consider the § 3553(a) factors when denying his motion for reconsideration. A district court is required to consider the § 3553(a) factors, but it need not explicitly mention them. *United States v. Perez*, 670 F. App'x 257, 258 (5th Cir. 2016) (per curiam) (citing *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2016)). The record is clear that the district court implicitly considered the relevant factors, including citing them in the original order denying a sentence reduction and referencing the applicable law in the order denying Oyewale's motion for reconsideration. *See id.* (citing *United States v.*

No. 25-20028

*Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995)). On this record, we find no abuse of discretion.

We AFFIRM.