# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-51122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL THILBURG,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1551-1

———————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Daniel Thilburg appeals the district court's denial of his 18 U.S.C.
§ 3582(c)(2) motion to reduce his 86-month sentence on his guilty plea
conviction for importing 50 kilograms or more of marijuana into the United
States. *See* 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3). He based his motion on
the retroactive provisions of Amendment 782 to the United States Sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-51122

Guidelines.   *See* U.S.S.G. § 1B1.10; U.S.S.G. § 2D1.1(c); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010).

The district court recognized that Thilburg was eligible for a reduction under § 3582(c)(2) but determined that none was appropriate in light of the applicable sentencing factors. *See* 18 U.S.C. § 3553(a).  Thilburg does not show that the district court relied on erroneous factfindings or legal conclusions. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  Nor does he show that the district court failed to consider the factors it was required to consider. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).  His claim of unwarranted sentencing disparity fails because he does not show disparity "among defendants with similar records who have been found guilty of similar conduct," as he points to no defendant with a record similar to his. § 3553(a)(6).  Consequently, Thilburg fails to demonstrate that denying him a sentence reduction was an abuse of discretion. *See Henderson*, 636 F.3d at 717; *Larry*, 632 F.3d at 936; *United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).

AFFIRMED.