# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROMAN CENTENO-GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-11-2

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Roman Centeno-Guerrero challenges the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). He contends that the district court erroneously concluded that he was not eligible for a sentence reduction because he was not originally sentenced within the applicable guidelines range. Alternatively, he argues that even if the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court recognized that he was eligible for a reduction, it erred by failing to reevaluate the sentencing factors in 18 U.S.C. § 3553(a).

Section 3582(c)(2) establishes a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). At the first step, a district court is to determine whether a reduction is consistent with U.S.S.G. § 1B1.10 by determining the prisoner's eligibility for a reduction and the extent of the authorized reduction. *See id.* In the second step, a district court is to "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827. We review the district court's refusal to reduce Centeno-Guerrero's sentence under § 3582(c)(2) for an abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

In the present case, the record reflects that the district court did not explicitly perform the first step of the analysis set forth in *Dillon*. However, the district court's written order denying a reduction recites the original and the amended guidelines ranges and calculations. Further, the record as a whole reflects that the district court implicitly determined that Centeno-Guerrero was eligible for a sentence reduction. This implicit determination of eligibility is sufficient. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Turning to the second step of the § 3582(c)(2) analysis, the record shows that the district court gave due consideration to: Centeno-Guerrero's § 3582(c)(2) motion; the policy statement in § 1B1.10; the § 3553(a) factors; and

No. 16-50249

his mitigating assertions, including his English-as-a-Second-Language coursework and his work detail while in prison. The district court was under no obligation to grant Centeno-Guerrero a sentence reduction despite his eligibility for one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Accordingly, Centeno-Guerrero fails to show the requisite abuse of discretion. *See Henderson*, 636 F.3d at 717; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.