# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee

v.

HUGO ANGEL,

                        Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:06-CR-27-7

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Proceeding *pro se*, Hugo Angel appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 235-month sentence, imposed following his guilty-plea conviction for conspiracy to distribute and possess, with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Angel took part in an operation to transport cocaine from Mexico to the United States; used the proceeds to purchase more inventory; and was paid for

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

transporting and delivering the drugs and their proceeds.  During one delivery-trip, Angel and his conspirators were called to meet at a retail store, where they were met by narcotics officers.  Angel was later arrested, and ultimately sentenced to the top of his advisory sentencing range under the Sentencing Guidelines, based in part on his extensive prior criminal history, including kidnapping three "juveniles and [transporting] them to Mexico where they were beaten and threatened regarding a missing load of marijuana".

Angel based his *pro se* motion for a sentence reduction on the retroactive provisions of Amendment 782 to the Guidelines.  *See* U.S.S.G. §§ 1B1.10, 2D1.1(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  The court recognized Angel was eligible for a reduction under § 3582(c)(2), but determined none was appropriate in the light of the applicable sentencing factors and his post-sentencing conduct.  *See* 18 U.S.C. § 3553(a).

The denial of a § 3582(c)(2) motion for a sentence reduction is reviewed for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005)).  A court must complete the two-step inquiry applicable to § 3582(c)(2) motions by (1) determining defendant's eligibility for a reduction, and (2) considering the § 3553(a) factors.  *See Henderson*, 636 F.3d at 717–18; *United States v. Larry*, 632 F.3d 933, 936–37 (5th Cir. 2011).

Angel claimed, as support, for the reduction his completion of classes and employment as an orderly.  The Government acknowledged Angel is eligible for reduction under the amended Guideline, but urged the court consider his past criminal history, as well as violations committed in prison, including: possession of a dangerous weapon; rioting; fighting with another inmate; and

No. 16-10477

possession of an unauthorized item.  The court denied the motion, "taking into account the policy statement set forth in [Guideline] §1B1.10 and the sentencing factors set forth in [§ 3553(a)]".

Angel contends the court's order "just used a template with boiler plate language" and failed to consider Guideline §1B1.10 and the 18 U.S.C. § 3553(a) factors.  Angel, however, does not show the court relied on erroneous findings of fact or legal conclusions.  *See Henderson*, 636 F.3d at 717.  Nor does he show the court failed to consider the factors it was required to consider, particularly in the light of the court's explicit statement to the contrary and the relevant evidence presented to it.  *See Larry*, 632 F.3d at 936.  Consequently, Angel fails to demonstrate the sentence-reduction denial was an abuse of discretion.  *See Henderson*, 636 F.3d at 717; *Larry*, 632 F.3d at 936; *United States v. Evans*, 587 F.3d 667, 672–74 (5th Cir. 2009).

AFFIRMED.