# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ANGEL VELEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-477-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Luis Angel Velez appeals the denial of his 18 U.S.C. § 3582(c)(2) motion, which sought a reduction of his 135-month sentence for possessing with the intent to distribute more than 50 kilograms of marijuana. Velez asserts that the district court abused its discretion by denying a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines. The Amendment lowered most drug-related offenses by two levels.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40250

The 135-month sentence was at the low end of the pre-Amendment Guideline. The Amendment resulted in new sentencing range of 108 to 135 months, meaning the original sentence would still be within the adjusted Guideline.  In rejecting Velez's § 3582(c)(2) motion, the district court concluded that "the original sentence was and is appropriate under 18 U.S.C. § 3553(a) given the amount of illegal drugs involved and the defendant's role in the offense and the defendant's criminal history."

We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (internal quotation marks and citation omitted).  If the record shows that the district court gave due consideration to the motion as a whole and considered the 18 U.S.C. § 3553(a) factors, even implicitly, there is no abuse of discretion.  *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  Velez's contention that the district court failed to follow the process required by *Dillon* is not supported by the record.  The district court acknowledged that Velez was eligible for a reduction in sentence, and its reference to an addendum issued by the probation officer implicitly indicates the district court's awareness that, as determined by the probation officer, Velez's sentence could be reduced by as much as 27 months under § 3582(c)(2). *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

There is no merit to Velez's contention that the district court abused its discretion in denying a sentence reduction because it took into account sentencing factors that were not considered in determining his original

sentence.   The district court was required to "conduct a contemporaneous review" of the 18 U.S.C. § 3553(a) sentencing factors in deciding whether a reduction in sentence was warranted.  *Henderson*, 636 F.3d at 718.

Finally, to the extent that Velez contends that the district court's refusal to reduce his sentence was an abuse of discretion in view of the Government's recommendation for a bottom-of-the-guidelines sentence at the original hearing, he again fails to show error.  A § 3582(c)(2) proceeding is not a full resentencing.  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).  The district court was "under no obligation to reduce [Velez's] sentence at all" when considering his § 3582(c)(2) motion.  *Evans*, 587 F.3d at 673.  And even at an original sentencing hearing, a judge is not bound by the Government's sentencing recommendations.

Given the district court's due consideration of the motion as a whole, its consideration of the § 3553(a) factors, and Velez's failure to identify an error of law or a clearly erroneous assessment of the evidence, the district court did not abuse its discretion in denying the § 3582(c)(2) motion for a sentence reduction.  *See Henderson*, 636 F.3d at 717; *Whitebird*, 55 F.3d at 1010.  The judgment of the district court is AFFIRMED.