# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30619
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL DILLON, also known as Bubba Dillon, also known as Michael Dillion,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-252-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In 2005, Michael Dillon was sentenced to 300-months' imprisonment following his guilty-plea conviction for two cocaine-related drug offenses. In 2014, he moved, pursuant to 18 U.S.C. § 3582(c)(2), for a sentence reduction based on Amendment 782 to Sentencing Guideline § 2D1.1. In denying the motion, the district court ruled: "Having carefully considered all of the

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-30619

information submitted, including the defendant's [presentence investigation report], the sentence imposed was fair and reasonable." Dillon contends the court abused its discretion in considering the evidence.

The denial of a § 3582(c)(2) motion for a sentence reduction is reviewed for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005)). In short, Dillon was entitled to adequate consideration of his motion. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009). We will generally assume a court has complied with the two-step inquiry applicable to § 3582(c)(2) motions by (1) determining defendant's eligibility for a reduction, and (2) considering the § 3553(a) factors. *See Henderson*, 636 F.3d at 717–18; *United States v. Larry*, 632 F.3d 933, 936–37 (5th Cir. 2011).

The record, however, undermines that assumption: the "Amendment 782 Eligibility Information Sheet" prepared by the United States Probation Office, and presumably considered by the district court, pertains to an unrelated defendant, coincidentally with the same last name as appellant. Accordingly, we are unable to rule out the possibility that the court inadvertently considered clearly erroneous facts of no relation to Michael Dillon, or failed to consider whether a sentence reduction was "warranted in whole or in part under the particular circumstances" of *his* case. *Henderson*, 636 F.3d at 717.

Neither side has noted this error. And, although Dillon failed to brief this issue, "[i]n exceptional circumstances, especially criminal cases, we can, in our discretion, take *sua sponte* notice of errors not presented in either the district court or the appellant's initial brief" if "fairness and the public interest"

2

No. 16-30619

so dictate. *United States v. Broussard*, 669 F.3d 537, 552 & n.10 (5th Cir. 2012). "We exercise this discretion with the greatest prudence, recognizing that it is only the extraordinary case which will excuse an appellant's failure to make an argument in his initial brief." *Id.* at 552–53. This is such an instance. While we, of course, express no opinion regarding the merits of Dillon's motion, fairness and the public interest dictate we vacate the court's order and remand for reevaluation on the basis of a clarified and complete record. *See Broussard*, 669 F.3d at 552–53; *Henderson*, 636 F.3d at 719.

VACATED and REMANDED.