# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30401
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DILLON, also known as Bubba Dillon, also known as Michael Dillion,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-252-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Dillon, federal prisoner # 28533-034, was convicted of two drug-related offenses and was sentenced to concurrent terms of 300 months of imprisonment to be followed by 10 years of supervised release. He later filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 782 to the United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30401

Guidelines, which the district court denied. After this court remanded for clarification of the record, *see United States v. Dillon*, 676 F. App'x 377 (5th Cir. 2017), the district court again denied Dillon's motion. He now appeals for a second time; we affirm.

We review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The record reflects that the district court implicitly determined that Dillon was eligible for a sentence reduction. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). The record also reflects that the district court considered the materials that had been presented to it, including Dillon's arguments that a sentence reduction was warranted in light of the applicable § 3553(a) sentencing factors and his positive record of post-conviction conduct. *See Henderson*, 636 F.3d at 718.

The district court correctly conducted the applicable two-step inquiry. Dillon's disagreement with the court's denial of his motion fails to demonstrate an abuse of discretion. *See id.* at 717-18.

AFFIRMED.