# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD VERNON KENNEDY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-254-3

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ronald Vernon Kennedy, federal prisoner # 35970-180, moves this court to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which reduced penalties for certain drug trafficking offenses.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50423

Where a district court certifies that an appeal is not taken in good faith, the appellant may either pay the filing fee or challenge the certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the certification that the appeal is not taken in good faith, the appellant must pay the filing fee, or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Kennedy argues that the district court abused its discretion in denying his motion for reduction of sentence. He contends that the district court failed adequately to weigh the 18 U.S.C. § 3553(a) factors and set forth specific reasons for the denial of his motion. Lastly, he asserts that the district court's reasons do not reflect consideration of his post-sentencing conduct and rehabilitation efforts consistent with *Pepper v. United States*, 562 U.S. 476 (2011).

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Because Kennedy was eligible for a sentence modification, the district court was required to consider the relevant § 3553(a) sentencing factors to determine whether a reduction was warranted in whole or in part based on the specific circumstances of Kennedy's case. *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

The record shows that the district court considered the § 3553(a) sentencing factors in denying Kennedy's motion for reduction. The district court was not required to expressly refer to the specific § 3553(a) factors, even

though it did, or provide more specific reasons in support of its determination that a reduction was not warranted. *See Evans*, 587 F.3d at 673-74; *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). The district court gave due consideration to the motion as a whole and considered the § 3553(a) factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

As for Kennedy's argument that the district court should have applied the analysis in *Pepper*, the holding in *Pepper* applied to the consideration of post-sentencing rehabilitation when resentencing after a defendant's sentence had been vacated on appeal, not on a motion to reduce a sentence under § 3582(c)(2). *See* 562 U.S. at 490.

Accordingly, Kennedy has not identified a nonfrivolous issue for appeal with respect to the district court's denial of his § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Because the appeal lacks arguable merit and is therefore frivolous, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.