# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LLOYD BROWN, III, also known as L. B.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-263-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Pursuant to a plea agreement, Lloyd Brown, federal prisoner # 23087-034, was sentenced to, *inter alia*, 240 months' imprisonment, following his 2005 guilty plea to: conspiracy to possess, and possession with intent to distribute, cocaine hydrochloride, cocaine base, and marijuana; possession of firearms in furtherance of a drug-trafficking crime (mandatory five-year consecutive sentence); and conspiracy to commit money laundering. In 2015,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-30143

Brown moved under 18 U.S.C. § 3582(c)(2), for a sentence reduction in the light of Amendment 782, which lowered his advisory Sentencing Guidelines range because it covered most drug-related base offense levels. In denying his motion, Brown contends the court failed to properly consider his commendable behavior while imprisoned, his positive efforts at self-improvement, and his deteriorating health.

The denial of a § 3582(c)(2) motion for a sentence reduction is reviewed for abuse of discretion. *E.g.*, *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005)). In short, Brown was entitled to adequate consideration of his motion. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009). We will generally assume a court has complied with the two-step inquiry applicable to § 3582(c)(2) motions by: determining movant's eligibility for a reduction; and considering the 18 U.S.C. § 3553(a) factors. *E.g.*, *Henderson*, 636 F.3d at 717–18; *United States v. Larry*, 632 F.3d 933, 936–37 (5th Cir. 2011).

The parties agreed: Amendment 782 lowered Brown's sentencing range; and he was eligible for a reduction. Moreover, the record shows the court "gave due consideration to [Brown's] motion as a whole", the policy statement of Guideline § 1B1.10, and the § 3553(a) factors. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Accordingly, there was no abuse of discretion in denying the motion. *Id.*

AFFIRMED.