# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41527
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY WAYNE KELLER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-14-1

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Anthony Wayne Keller, federal prisoner # 04714-379, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motions for a sentence reduction under 18 U.S.C. § 3582(c)(2), which relied on Amendment 782 to the Sentencing Guidelines. The district court denied the IFP motions and certified that the appeal was not taken in good faith. By moving for leave to proceed IFP, Keller challenges the district court's certification decision. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41527

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Keller's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Keller maintains that the district court erred in denying his § 3582(c)(2) motions.  He contends that the district court's decision was based on 18 U.S.C. § 3553(a) factors that were considered at his original sentencing and that the district court should have focused on the § 3553(a) factors that changed after sentencing.  Keller argues that the district court should have considered that he successfully rehabilitated himself, that his post-sentencing behavior established that was unlikely to recidivate, and that no further imprisonment was needed for correctional treatment.

The record reflects that, although Keller was eligible for a reduction in sentence in light of Amendment 782, the district court declined to exercise its discretion to grant a reduction.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  The district court – which considered, inter alia, Keller's § 3582(c)(2) motions, the presentence report, the guidelines calculations, and the record in the case – determined that the sentence imposed at the initial sentencing was proper in light of relevant § 3553(a) factors and the circumstances of the case. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).  The district court duly considered Keller's § 3582(c)(2) motions and declined to grant them after reevaluating all of the § 3553(a) factors and finding that the factors in favor of a reduction (e.g., Keller's post-sentencing conduct) were outweighed by those that did not support a reduction.  *See Dillon*, 560 U.S. at 827; *United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  His suggestion that the district court did not properly evaluate specific factors and his request that we reexamine the district court's

No. 16-41527

review and balancing of those factors are unavailing. *See Henderson*, 636 F.3d at 717; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Thus, the district court did not abuse its discretion. *See Evans*, 587 F.3d at 673. Accordingly, Keller's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard*, 707 F.2d at 220. The motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; 5TH CIR. R. 42.2.