# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11285
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
September 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES SLAUGHTER, also known as James Bernard Salone,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CR-10-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

In 1999, James Slaughter, federal prisoner # 32675-077, was convicted of conspiracy to distribute, and possess with intent to distribute, cocaine base, in violation of 21 U.S.C. § 846; distribution and possession of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and two counts of distribution of cocaine base, in violation of

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

21 U.S.C. § 841(a)(1).  He was sentenced, respectively, to, *inter alia*, concurrent terms of life imprisonment, 480 months, 480 months, and 240 months.

Proceeding *pro se*, Slaughter contests the denial of his motion, under 18 U.S.C. § 3582(c)(2), for a reduction of sentence based upon United States Sentencing Guidelines Amendment 782.  He contends the court should have granted his motion because reducing his sentence would not present a danger to the public.  He further asserts the court's findings regarding his relevant conduct went beyond the charges in the indictment and were not found beyond a reasonable doubt and therefore should not have been considered in denying his motion.  More particularly, he challenges sentence enhancements he received for the quantity of the drugs for which he was convicted and his role in the conspiracy.  These assertions relate to findings made at Slaughter's original sentencing, however, and are "not cognizable under § 3582(c)(2)". *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 561 U.S. 1011 (2010).  In short, factual issues related to original sentencing are not appropriately raised in § 3582(c)(2) motions. *Id.*

Section 3582(c)(2) authorizes the district court to modify a sentence upon a showing that movant's sentencing range has been reduced after his conviction.  If the court determines a sentence modification is authorized, as it implicitly did here under Amendment 782, it must consider the applicable 18 U.S.C. § 3553(a) sentencing factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case". *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see also United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (noting the district court's implicit finding of eligibility to seek sentence modification under § 3582(c)(2)).  Such a decision is reviewed for abuse of discretion.  *E.g.*, *Evans*, 587 F.3d at 672.  Abuse of discretion occurs when a ruling is grounded in a legal error or a clearly

No. 16-11285

erroneous analysis of the evidence. *Larry*, 632 F.3d at 936. In addition, the court abuses its discretion when, "in applying its discretion[, it] fails to consider the factors as required by law". *Id.*

The record demonstrates the court gave due consideration to the motion as a whole and considered the 18 U.S.C. § 3553(a) sentencing factors. Slaughter maintains his criminal history, offense and relevant conduct, and post-sentencing conduct weigh in favor of reducing his sentence. His disagreement with the court's conclusion that those factors weigh against him is insufficient to demonstrate an abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 718–19 (5th Cir. 2011).

AFFIRMED.