# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50038
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT CARRENO, JR., also known as Lil Bit, also known as Roberto Carreno,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-836-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Robert Carreno, Jr., federal prisoner # 84477-280, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court found that Carreno was eligible for a reduction in light of Amendments 782 and 788 to the Sentencing Guidelines but opted not to award a reduction. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied Carreno's motion for leave to proceed IFP and certified that the appeal was not taken in good faith.

By moving for leave to proceed IFP, Carreno is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry on appeal is restricted to whether "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Carreno contends that the district court erred in finding that he was not entitled to a reduction pursuant to § 3582(c)(2). We review the district court's decision whether to grant a reduction for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court gave due consideration to Carreno's § 3582(c)(2) motion and properly exercised its discretion to deny relief. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). The district court – which considered, inter alia, the § 3582(c)(2) motion, the presentence report, the guidelines determinations, and the record – concluded that the sentence imposed at the initial sentencing was proper in light of relevant 18 U.S.C. § 3553(a) factors and the circumstances of the case. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Carreno fails to identify a nonfrivolous basis for arguing that the district court's decision relied on a legal error, a clearly erroneous evaluation of evidence, or a failure to review legally required factors. *See Larry*, 632 F.3d at 936.

He contends that his counsel and the Government told him that he was denied a sentence reduction because he refused to cooperate with the Government. The record contains no evidence to support this claim and, as noted, instead reflects that the district court exercised its discretion to deny the motion based on the relevant and applicable § 3553(a) factors. Also,

although Carreno argues that the district court did not provide an adequate explanation for its decision, the reasons provided in the district court's order sufficed.  *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009); *Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-66 (2018).

Accordingly, Carreno's appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard*, 707 F.2d at 220.  Thus, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; *see also* 5TH CIR. R. 42.2.